IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANGELA ROGERS                                                                             PLAINTIFF

v.                                      NO. 3:07CV00132 HDY

MICHAEL J. ASTRUE,                                                                       DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in April of 2005, plaintiff Angela Rogers ("Rogers") filed an application for supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). Her application was denied initially and upon reconsideration. She next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In March of 2007, the ALJ issued a ruling adverse to Rogers. She appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed. The decision of the ALJ therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In September of 2007, Rogers commenced the proceeding at bar in which she challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The record reflects that the Commissioner made his findings pursuant to the five step sequential evaluation process. At step one, he found that Rogers has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that she has the following severe impairments: "degenerative disc disease, depression, general body pain, left carpal tunnel syndrome, and headaches." See Transcript at 15. At step three, the Commissioner found that Roger does not have an impairment or impairments listed in, or medically equal to one listed in, the regulations. He then considered her residual functional capacity and found that she can perform light work; specifically, he found it to be as follows:

> ... [Rogers] has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand or walk for 6 of 8 hours in a work day. She can sit for 6 of 8 hours in a work day. She can occasionally stoop, crouch, kneel and crawl. [Rogers] experiences mild to moderate pain with use of prescribed medication. Non-exertionally, she is able to perform unskilled or semi-skilled work; understand, follow, and remember concrete instructions; contact with supervisors, co-workers and the public is limited to superficial with ability to meet, greet, make change, and give simple instructions or directions. She has some limitations in her ability to move because of obesity. She is limited to only occasional use of her left hand.

See Transcript at 16-17. With regard to Rogers' subjective complaints, the Commissioner found as follows:

> [The Commissioner] has considered the medical evidence, [Rogers'] testimony and the [Polaski v. Heckler] factors. The appearance and demeanor of [Rogers] has also been considered. After a review of the entire record, it is found that any pain and discomfort suffered by [her] would not preclude the performance of light exertional work. The subjective allegations and complaint of [Rogers] with regard to pain and other matters are inconsistent in many respects and are therefore found not credible to the extent alleged. Further, they are not fully supported by other evidence of record.

See Transcript at 17. At step four, the Commissioner found that Rogers does not retain sufficient residual functional capacity to perform her past relevant work as a certified nurse assistant. At step five, he solicited the testimony of a vocational expert. The Commissioner asked the vocational expert the following hypothetical question:

> Assume an individual the same age, same education background, same work experience as [Rogers]. Further considering the effects of the impairments. And also considering obesity. This individual has the ability to perform work as follows: This person can lift or carry twenty pounds occasionally and ten pounds frequently. Sit, six hours in an eight hour day and stand and/or walk six hours in an eight hour day. This hypothetical individual can occasionally stoop, crouch, kneel and crawl. The person experiences mild to moderate pain with use of prescribed medication. The person is able to occasionally engage in repetitive use of the left upper extremity. Non-exertionally the person is able to perform unskilled or sem-skilled work, understand, follow and remember concrete instruction, have contact with supervisors, co-workers, I'm sorry, contact with supervisors, co-workers and the public is superficial. With ability to meet, greet, make change and give simple instructions and directions. Could this individual perform any of [Rogers'] past relevant work?

<u>See</u> Transcript at 220-221. After obtaining clarification that Rogers is right-hand dominant, the vocational expert testified that the hypothetical individual can not perform Rogers' past relevant work but can perform other jobs that exist in the local, regional, or national economy. The jobs specifically identified by the vocational expert were that of housekeeper, <u>Dictionary of Occupational Titles</u> ("DOT") listing 323.687-101; and food preparation worker, DOT listing 311.472-010. On the basis of the vocational expert's testimony, the Commissioner found that Rogers can perform other jobs and is therefore not disabled within the meaning of the Act.

<u>ROGERS' ASSERTIONS</u>. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Rogers thinks not and advances the following three reasons why: (1) the Commissioner's hypothetical question was defective because it failed to include all of Rogers' physical and mental impairments; (2) the jobs identified by the vocational expert are "outside the residual functional capacity parameters set forth by the [Commissioner]," <u>see</u> Document 10 at 18; and (3) the Commissioner should have placed more weight on the hearing testimony.

The Court has thoroughly reviewed the record in this proceeding. Having done so, the Court acknowledges some concern as to whether the hypothetical individual, and therefore whether Rogers, can actually perform the jobs identified by the vocational expert and whether the Commissioner properly evaluated her subjective complaints. For these reasons, a remand is warranted.

<u>THE JOBS IDENTIFIED BY THE VOCATIONAL EXPERT</u>.  Rogers maintains that the jobs identified by the vocational expert are "outside the residual functional capacity parameters set forth by the [Commissioner]."  <u>See</u> Document 10 at 18.  She specifically maintains that he found she is capable of performing light work but the jobs identified by the vocational expert require either the performance of medium work or require the performance of certain tasks that she is incapable of performing.

The Commissioner found that Rogers suffers from left-hand carpal tunnel syndrome.  He also found that she is capable of light work.  He incorporated the findings into the hypothetical question, specifically noting the following with regard to her carpal tunnel syndrome: "The person is able to occasionally engage in repetitive use of the left upper extremity."  <u>See</u> Transcript at 221.  The vocational expert identified two jobs the hypothetical individual can perform: housekeeper and food preparation worker.

With regard to the housekeeping position, Rogers maintains the following: "The job of housekeeper … is performed at the medium exertional level, whereas the [Commissioner] has … Rogers limited to no more than light work.  A light housekeeping job in the DOT requires frequent reaching and handling. …"  <u>See</u> Document 10 at 18.  The Commissioner acknowledges in response that "the position of housekeeper … exceeds [Rogers'] residual functional capacity for light work …"  <u>See</u> Document 11 at 10.  Thus, the only real question is whether she can perform the second job identified by the vocational expert, that being, the position of food preparation worker.

With regard to the position of food preparation worker, Rogers maintains the following:

> The job of food preparation worker ... is performed at the light level. However, the job requires constant reaching and handling and frequent fingering. ... According to the [Commissioner], ... Rogers is only able to use her left hand on an occasional basis. ... This is supported by Dr. Smith's assessment of carpal tunnel syndrome of the left wrist. ..
>
> The Eighth Circuit has held that the <u>Dictionary of Occupational Titles</u> controls when it conflicts with expert testimony, and the DOT definitions are not rebutted. ... It does not appear that the [vocational expert] explained or acknowledged that [his] testimony varied from the typical job requirements set forth in the DOT. Therefore, his testimony does not constitute substantial evidence supporting the [Commissioner's] findings at step five ...

<u>See</u> Document 10 at 18-19. The Commissioner maintains the following in response:

> ... [Rogers] can demonstrate no prejudice [arising from the vocational expert's testimony regarding the work demands of the housekeeping position] because [Rogers] is still able to perform the work of a food preparation worker at the light exertional level. ... The DOT listing for fast food workers indicates the job requires "frequent" fingering, as well as "constant" handling and reaching. ... [Footnote omitted]. The Commissioner notes that the evidence does not support the degree of pain due to left handed carpal tunnel syndrome that would preclude fast food work. She has a driver's license and, at least as of July 14, 2005, continues to drive despite her carpal tunnel syndrome .., though [she] claimed at the hearing that she no longer drives. ... [Rogers] experiences some joint pain and back pain, but she cannot expect a job that causes her no pain whatever. ...

<u>See</u> Document 11 at 10.

Having thoroughly reviewed the record in this proceeding, the Court is convinced that Rogers has the better argument. There is indeed a variance between the limitations possessed by Rogers and assigned to the hypothetical individual, i.e., she is limited to only occasionally engaging in repetitive use of her left upper extremity, and the physical demands required of the food preparation worker, i.e., frequent fingering and constant handling and reaching. It is not at all clear whether she can perform the physical requirements of the position. It may well be that the frequent fingering and constant handling and reaching does not require the use of both hands but can do done with one hand. The record in this proceeding, though, does not provide an answer to that question.

The Commissioner would have the Court believe that the severity of Rogers' left-hand carpal tunnel syndrome is not so great as to preclude her from performing the demands of the position of food preparation worker. In support of that assertion, he notes that she has a driver's licence and, at least as of July 14, 2005, continued to drive. There are at least three problems with that assertion. First, the mere possession of a driver's license establishes very little. Second, although the July 14, 2005, evaluation of her adaptive functioning reflects that she is "able to drive," see Transcript at 124, her subsequent testimony at the administrative hearing reflects that she no longer drives, see Transcript at 211. Last, it is conceivable that someone with left-hand carpal tunnel syndrome could nevertheless operate an automobile.

Given the foregoing, the Court desires clarification of the physical demands required of the food preparation worker. The Court additionally requires clarification of whether the hypothetical individual, and therefore Rogers, can actually perform the physical demands required of the food preparation worker, specifically, whether her left-hand carpal tunnel syndrome is so severe as to prevent her from performing the physical demands of the position.

<u>SUBJECTIVE COMPLAINTS</u>. Rogers additionally maintains that the Commissioner should have placed more weight on the hearing testimony. This assertion appears to be built upon her claim that the Commissioner did not adequately consider her unrebutted testimony in evaluating her subjective complaints.

In <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001), the United States Court of Appeals for the Eighth Circuit provided the following guidance in correctly evaluating a claimant's subjective allegations of disabling pain:

> It is the [Commissioner's] responsibility to determine a claimant's [residual functional capacity] based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own description of [her] limitations. [Citation omitted]. Before determining a claimant's [residual functional capacity], the [Commissioner] first must evaluate the claimant's credibility. In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).

Although the Commissioner is not obligated to discuss each Polaski factor but need only consider the relevant factors, he must make "express credibility determinations and set forth the inconsistencies in the record which cause him to reject the [claimant's] complaints." See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

The Court has examined the record in this proceeding. It reflects that the Commissioner cited Polaski and engaged in a very brief discussion of each factor. For instance, his analysis of her daily activities was as follows: "[Rogers] has reported that her pain limits her activities around the house." See Transcript at 17. Although the Court is not prepared to articulate the point at which an analysis of the Polaski factors becomes so minimal as to be unacceptable, a more thorough analysis of the factors in this instance would be beneficial.

CONCLUSION. The Commissioner's findings at step five are not supported by substantial evidence on the record as a whole. The Court desires clarification of the physical demands required of the food preparation worker and whether the hypothetical individual can actually perform the physical demands required of the position. The Commissioner's findings with regard to Rogers' subjective complaints are also not supported by substantial evidence on the record as a whole. A more thorough analysis of the Polaski factors would be beneficial. The Commissioner's final decision is reversed, and this proceeding is remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

IT IS SO ORDERED this __6___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE